932 F.2d 973
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Maud Hill SCHROLL, J. Christopher Schroll, Susannah Schroll,
Plaintiffs-Appellants,
v.
J. Jerome PLUNKETT, Judge of the District Court for Ramsey
County, State of Minnesota, Defendant-Appellee,
Jackson L. Frost, Judge of the Circuit Court for Linn
County, State of Oregon, First Trust National
Association, First Bank System, et al.,
Defendant-Intervenors-Appellees.
 
 Nos. 91-35147, 91-35201.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1991.*
Decided May 9, 1991.
 Before PREGERSON, BRUNETTI and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maud Hill Schroll, J. Christopher Schroll and Susannah Schroll (appellants) sued J. Jerome Plunkett (appellee), a Minnesota judge, in Oregon federal court, under 42 U.S.C. Sec. 1983. Their complaint sought to prevent Judge Plunkett from enjoining them from pursuing litigation in Oregon state court. The District Court for the District of Minnesota entered orders rejecting appellants' request for a preliminary injunction and dismissing the case on the pleadings. Appellants challenge each of the orders. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 FACTS
 
 3
 Appellants are beneficiaries of the Maud Hill Schroll Trust ("Trust") which is comprised, in part, of a large area of timberland in Oregon. First Trust National Association ("First Trust"), a Minnesota trust company, has acted as trustee since 1941.
 
 
 4
 In 1989 the trustees revealed that as a result of overharvesting of timberland, a serious reduction of income generated by the land was likely to result. Appellant Maud Schroll, in response, attempted to replace the First Trust as trustee.
 
 
 5
 In September 1989, First Trust filed a petition in the District Court of Ramsey County, Minnesota, seeking instruction whether Maud Schroll had power to remove it and to appoint a successor trustee. ("Minnesota action"). Its amended petition also sought approval of its accounts for 1988 and 1989. The Minnesota action is pending before appellee.
 
 
 6
 In March 1990, appellants filed an action in the Circuit Court of Linn County, Oregon, against First Trust and others ("Oregon action"). The Oregon action alleged negligence, mismanagement, breach of fiduciary duty, fraud, abuse of process and fraudulent conveyance, and sought appointment of a receiver to oversee the timberland during the course of the suit. The Oregon court denied First Trust's motion to stay the Oregon action pending the outcome of the Minnesota case.
 
 
 7
 Appellants answered First Trust's petition in the Minnesota action after filing the Oregon suit. In their response, they alleged negligent mismanagement and attached a copy of the Oregon complaint. In July 1990, First Trust asked the Minnesota court for a order enjoining appellants from proceeding in the Oregon action. In August 1990, appellee granted the motion, stating in his order: "The Oregon action raises the same issues [sic] or issues arising from the same series of transactions since 1946 presented by First Trust's Petition for Instructions and the Schroll's objections and counterclaim in the Minnesota proceeding...."
 
 
 8
 As a result of the injunction, the Oregon court stayed its proceedings, and appellants appealed the Minnesota order to that state's Court of Appeals. On February 1, 1991, the appellate court affirmed the order and appellants petitioned the Minnesota Supreme Court for discretionary review. In October 1990, appellants filed this action in the Federal District Court for the District of Oregon seeking to enjoin appellee from staying the Oregon state proceedings. The Oregon district court, in separate orders, rejected appellants' request for a preliminary injunction and dismissed the case on the pleadings.
 
 DISCUSSION
 
 9
 We agree with the district court that dismissal pursuant to Younger v. Harris, 401 U.S. 37 (1971), was proper here.[1] Under Younger and its progeny, a federal court "may not grant an injunction to stay proceedings in a state court...." 28 U.S.C. Sec. 2283. Younger abstention may not be appropriate in some cases, including Sec. 1983 claims. For proper Younger abstention, three requirements must be satisfied: (1) there must exist an ongoing state judicial proceeding; (2) an important state interest in the proceeding must be implicated; and (3) there must be an adequate opportunity to raise federal questions in the proceeding. World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987).
 
 
 10
 The district court found that requirements (1) and (3) were satisfied and appellants do not challenge this on appeal. This finding was clearly correct. The state judicial proceeding is ongoing, and nothing prevents appellants from raising federal issues in their state appeal of Judge Plunkett's order.
 
 
 11
 Appellants challenge the district court's view that important state interests are implicated in appellee's order. The court stated: "Minnesota has a strong interest in reviewing the propriety of a state judge's order. This is especially true when that order was issued to protect the Minnesota District Court's jurisdiction." Appellants argue that Minnesota's interest in trust administration does not rise to the level of "importance" required by Younger.
 
 
 12
 Appellants misunderstand the interest to be considered in applying Younger here. In its order dismissing the action the district court did not discuss Minnesota's interest in trust administration. Rather, the district court considered Minnesota's interest in securing its courts' jurisdiction. This was correct because the order at issue in this case, and on appeal in Minnesota, does not involve issues of trust administration, but rather the question whether the Minnesota state action could preclude duplicative litigation in another forum.
 
 
 13
 There is no doubt that Minnesota's interest in Judge Plunkett's order is an important one. We have recognized that proceedings which involve the functioning of a state's judicial system implicate an "important interest" for the purpose of Younger abstention. World Famous, 820 F.2d at 1082-83 (citing Judice v. Vail, 430 U.S. 327, 336 (1977).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The district court based its dismissal, in addition, on its lack of federal subject matter and personal jurisdiction over Judge Plunkett. We need not address the propriety of its ruling on these issues because we affirm on the basis of Younger